Vyacheslav PUNOGIN, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 05–72496.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Oct. 2, 2007.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Vyacheslav Punogin, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his applica-

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for waiver of the requirement that he file a joint petition with his former wife to remove the conditional basis of his permanent resident status. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of the waiver for substantial evidence, *Oropeza–Wong v. Gonzales,* 406 F.3d 1135, 1147 (9th Cir.2005), and we review purely legal issues de novo, *see Padilla–Padilla v. Gonzales,* 463 F.3d 972, 975 (9th Cir.2006). We deny in part and grant in part the petition for review, and remand.

Although Punogin provided evidence that a child was born during his marriage, he provided no documents to show commingling of funds or co-habitation, and he failed to provide any third-party testimony or affidavits proving the bona fides of the marriage. Substantial evidence therefore supports the agency's determination that Punogin did not enter into the marriage in good faith. *See Oropeza–Wong,* 406 F.3d at 1148 (upholding the denial of a waiver under 8 U.S.C. § 1186a(c)(4)(B)); 8 C.F.R. § 216.4(a)(5) (stating application for waiver shall be accompanied by documentation showing that the marriage was not entered into for the purpose of evading immigration laws).

Punogin's remaining contentions are unavailing.

The IJ granted voluntary departure for a 60–day period. The BIA's streamlined order changed the voluntary departure period to 30 days. In *Padilla–Padilla,* 463 F.3d at 981, we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for reinstatement of the 60–day voluntary departure period.

Punogin's counsel is cautioned that his opening brief does not meet this court's standards. *See generally* Fed. R.App. P. 28; 9th Cir. R. 28–2.8.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**